TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Jose Gutierrez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jose Gutierrez, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC;<br>Trans Union, LLC;<br>Experian Information Solutions, Inc.;<br>Capital One Bank (U.S.A.), N.A.;<br>Bank of America, N.A.;<br>Synchrony Bank; and<br>Citibank, N.A., | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, JOSE GUTIERREZ, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Glendale, Los Angeles County, California.

4. Venue is proper in the Central District of California.

### PARTIES

5. Plaintiff is a natural person residing in the city of Glendale, State of California.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of California;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of California;

    c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of California;

d.  Capital One Bank (U.S.A.) N.A. ("Capital One") is a national bank association that conducts business in the State of California;

e.  Bank of America, N.A. ("BoA") is a national bank association that conducts business in the State of California;

f.  Synchrony Bank ("SYNCB") is state-chartered bank that conducts business in the State of California; and

g.  Citibank, N.A. ("Citibank") is a national bank association that conducts business in the State of California.

## **GENERAL ALLEGATIONS**

7.  Capital One, BoA, SYNCB, and Citibank (collectively referred to as the "Furnishers") are reporting fraudulent tradelines ("False Tradelines") on Plaintiff's Equifax, Trans Union, and Experian (the "CRAs") credit disclosures.

8.  Capital One is reporting accounts opened November 2004 and November 2005 on Plaintiff's Equifax and Experian credit disclosures.

9.  BoA is reporting accounts opened October 2012 and March 2006 on Plaintiff's Equifax and Experian credit disclosures.

10. SYNCB is reporting an SYNCB/Jewelry Custom account opened May 2013 on Plaintiff's Equifax, Trans Union, and Experian credit disclosures.

11. Citibank is reporting an account opened April 2006 on Plaintiff's Experian credit disclosure.

12. The accounts reflected by the False Tradelines do not belong to Plaintiff as he is a victim of identity theft.  The False Tradelines should not be reporting on Plaintiff's credit disclosures.

13. Experian is also listing the following addresses ("False Addresses") regarding Plaintiff, which do not belong to him:

> • 3526 Village Enclave Ln Cumming, GA 30040-1027
> • 225 Nancy Ln Cumming, GA 30040-9640
> • 225 Nancy Ln Apt 104 Cumming, CIA 30040-9641
> • PO Box 3377 Cumming, GA 30028-6519
> • 1525 Johnson Rd Cumming, GA 30040-5173
> • 5687 Post Rd Cumming, GA 30040-6571
> • 165 Huntington Cir Alpharetta, GA 30004-3341
> • 3526 Village Enclave Ln #116 Cumming, GA 30040-1027

14. On April 2, 2021, Plaintiff filed a police report with the Glendale Police Department, documenting his identity theft.

15. On March 18, 2021, Plaintiff obtained his Equifax credit disclosure and noticed the False Tradelines reporting by Capital One, BoA, and SYNCB.

16. On March 15, 2021, Plaintiff obtained his Trans Union credit disclosure and noticed the False Tradelines reporting by SYNCB.

17. On March 6, 2021, Plaintiff obtained his Experian credit disclosure and noticed the False Tradelines reporting by Capital One, BoA, Citibank, and SYNCB and the False Addresses.

18. On or about April 16, 2021, Credit Repair Lawyers of America, acting on behalf of Plaintiff, submitted a letter to the CRAs, disputing the False Tradelines and False Addresses.

19. In his dispute letter, Plaintiff explained that the accounts reflected by the False Tradelines do not belong to him as he is a victim of identity theft.  He attached a copy of the policy report and asked the CRAs to delete the False Tradelines.

20. In his dispute letter, Plaintiff also asked Experian to delete the False Addresses as they do not belong to him.

21. The CRAs forwarded Plaintiff's consumer dispute to the Furnishers.

22. The Furnishers received Plaintiff's consumer dispute from the CRAs.

23. On June 1, 2021, Plaintiff obtained his Equifax credit disclosure, which showed that Capital One, BoA, and SYNCB failed or refused to delete the False Tradelines.

24. On June 1, 2021, Plaintiff obtained his Experian credit disclosure, which showed that BoA, Capital One, Citibank, and SYNCB failed or refused to delete the False Tradelines.  Furthermore, Experian failed to remove the False Addresses.

25. On June 23, 2021, Plaintiff obtained his Trans Union credit disclosure, which showed that SYNCB failed or refused to delete the False Tradelines.

26. The False Tradelines are false and misleading to any user of Plaintiff's credit report who would consider extending credit to the Plaintiff.   The False

Tradelines create a false impression to potential credit grantors that Plaintiff continues to have obligations on debts when, in fact, there are no obligations. This causes Plaintiff damage by reducing Plaintiff's opportunities for credit and employment. The False Tradelines also cause damage by negatively impacting Plaintiff's credit score.

27. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, embarrassment, humiliation, and anxiety due to Defendants' failures to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## <u>COUNT I</u>

## **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE BANK (U.S.A.) N.A.**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by  the CRAs of Plaintiff's consumer dispute of the False Tradelines, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the False Tradelines.

31. The False Tradelines are inaccurate and create a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such tradelines.

32. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE BANK (U.S.A.) N.A.**

35.  Plaintiff realleges the above paragraphs as if recited verbatim.

7

36. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the False Tradelines.

37. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. Capital One is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA, N.A.**

40.  Plaintiff realleges the above paragraphs as if recited verbatim.

8

41. After being informed by the CRAs of Plaintiff's consumer dispute of the False Tradelines, BoA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

42. BoA negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the False Tradelines.

43. The False Tradelines are inaccurate and create a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such tradelines.

44. As a direct and proximate cause of BoA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. BoA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Plaintiff has a private right of action to assert claims against BoA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against BoA for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA, N.A.

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, BoA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the False Tradelines.

49. BoA willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of BoA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. BoA is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against BoA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

52.  Plaintiff realleges the above paragraphs as if recited verbatim.

53. After being informed by  the CRAs of Plaintiff's consumer dispute of the False Tradeline, Synchrony Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

54. Synchrony Bank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the False Tradelines.

55. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such tradeline.

56. As a direct and proximate cause of Synchrony Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. Synchrony Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

58. Plaintiff has a private right of action to assert claims against Synchrony Bank arising under 15 USC 1681s-2(b).

11

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Synchrony Bank for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK**

59.  Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Synchrony Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct the CRAs to delete the False Tradelines.

61. Synchrony Bank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

62. As a direct and proximate cause of Synchrony Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. Synchrony Bank is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

12

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Synchrony Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK, N.A.

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. After being informed by the CRAs of Plaintiff's consumer dispute of the False Tradelines, Citibank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

66. Citibank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the False Tradelines.

67. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such tradeline.

68. As a direct and proximate cause of Citibank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

13

69. Citibank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

70. Plaintiff has a private right of action to assert claims against Citibank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Citibank for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK, N.A.

71.  Plaintiff realleges the above paragraphs as if recited verbatim.

72. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Citibank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the False Tradelines.

73. Citibank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

74. As a direct and proximate cause of Citibank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

14

75. Citibank is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Citibank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

78. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

79. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

15

80. After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

83. Plaintiff realleges the above paragraphs as if recited verbatim.

84. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

85. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

16

86. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

87. After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

88. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

89. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

17

## COUNT XI

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

90. Plaintiff realleges the above paragraphs as if recited verbatim.

91. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

92. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

93. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

94. After receiving Plaintiff's consumer dispute to the False Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

95. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

96. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

97. Plaintiff realleges the above paragraphs as if recited verbatim.

98. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

99. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

100.    Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

101.    After receiving Plaintiff's consumer dispute to the False Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

102.    As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

19

103.    Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

104.    Plaintiff realleges the above paragraphs as if recited verbatim.

105.    Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

106.    Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

107.    Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

108.     After receiving Plaintiff's consumer dispute to the False Tradelines and False Addresses, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

109.     As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

110.     Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

111.     Plaintiff realleges the above paragraphs as if recited verbatim.

112.     Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

113.     Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

21

114.    Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

115.    After receiving Plaintiff's consumer dispute to the False Tradelines and False Addresses, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

116.    As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

117.    Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

22

1    DATED: July 23, 2021

2

3

4                                        By: __/s/  Trinette G. Kent_____

5                                        Trinette G. Kent
                                          Attorneys for Plaintiff,
6                                        Jose Gutierrez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28